# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTHONY D. BROWN,

                Petitioner,            :    Case No. 3:16-cv-467

    - vs -                           District Judge Walter Herbert Rice
                                       Magistrate Judge Michael R. Merz

MARK HOOKS, WARDEN,
  Ross Correctional Institution,

                          :

                Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner Brown seeks relief from his convictions in the Montgomery County Common Pleas Court on charges of murder, aggravated burglary, aggravated robbery, kidnapping, felonious assault, and having weapons while under disability. Brown was convicted by a jury (except that the weapons charge was tried to the bench) and sentenced to twenty-five years to life imprisonment. He appealed to the Second District Court of Appeals for Montgomery County which affirmed the conviction and sentence. *State v. Brown*, 2015-Ohio-1163, 2015 Ohio App. LEXIS1135 (2nd Dist. Mar. 27, 2015). Brown took no direct appeal to the Ohio

Supreme Court (Petition, ECF No. 1-1, PageID 8, ¶ 9(g)).  Instead, he filed an application to reopen his direct appeal under Ohio R. App. P. 26(B) on June 22, 2015, which was denied on August 19, 2015. *Id.* at PageID 9, ¶ 11.  This time he did appeal to the Ohio Supreme Court which declined jurisdiction on December 2, 2015.  *State v. Brown*, 144 Ohio St. 3d 1411 (Dec. 2, 2015).  The instant habeas corpus petition followed on November 1, 2016.[1]

Brown pleads two grounds for relief:

> **Ground One:**  Petitioner was denied effective assistance of counsel during trial in violation of the 6th Amendment, United States Constitution.

> **Supporting Facts:**

> 1.  Trial counsel allowed an edited version of a recording of a telephone call Brown made from jail to his mother to be played to the jury instead of the whole recording.

> 2.  Trial counsel failed to object when a State witness referred to Brown as a person in a surveillance video and did not request an instruction on the presumption of innocence.

> 3.  Trial counsel failed to object to the imposition of consecutive sentences.

> **Ground Two:**  Petitioner was denied effective assistance of counsel during appeal in violation of the 6th Amendment, United States Constitution.

> **Supporting Facts:**  Appellate counsel failed "to raise the pro se errors that Petitioner raised in his 26(B) [Application]."

On direct appeal, Brown raised the following Assignments of Error:

> **First Assignment of Error:**

> APPELLANT'S MOTION TO SUPPRESS WAS IMPROPERLY OVERRULED BECAUSE APPELLANT WAS ARRESTED WITHOUT PROBABLE CAUSE.

---

[1] As an incarcerated person, Brown is entitled to filing date of the date on which he deposited the Petition in the prison mail system.  See PageID 18.

**Second and Third Assignments of Error:**

APPELLANT'S CONVICTIONS WERE BASED UPON INSUFFICIENT EVIDENCE PRESENTED AT TRIAL.

APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

Nowhere on direct appeal did Brown claim that his trial attorney provided ineffective assistance even though all three claims of ineffective assistance of trial counsel he now makes depend on the trial court record and thus could have been raised on direct appeal.  Under those circumstances, Brown has procedurally defaulted on his ineffective assistance of trial counsel claims.  Ohio's criminal res judicata doctrine bars litigation in any post-conviction proceeding of claims of ineffective assistance of trial counsel which could have been raised on direct appeal. *State v. Perry*, 10 Ohio St. 2d 175 (1967)(emphasis *sic*.);  *See also State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Duling*, 21 Ohio St. 2d 13 (1970).   The Sixth Circuit has repeatedly held that Ohio's doctrine of res judicata in criminal cases, enunciated in *State v. Perry*, 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground.  *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).  Because the claims made in Brown's First Ground for Relief could have been raised on direct appeal and were not, they are barred by that procedural default unless he can show excusing cause and resulting prejudice.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

One possible way of showing cause would be to show that it was ineffective assistance of appellate counsel to fail to raise these claims on direct appeal.  In his Ohio R. App. P. 26(B) Application, Mr. Brown did allege ineffective assistance of appellate counsel as a result of

appellate counsel's failure to raise these three claims of ineffective assistance of trial counsel he makes in Ground One (See 26(B) Application, ECF No. 3, PageID 70-73). The Second District considered this claim on the merits and rejected it. *State v. Brown*, Case No. 26219 (2nd Dist. Aug. 19, 2015)(unreported, copy at ECF No. 3, PageID 74-78).

As to Brown's first claim of ineffective assistance of appellate counsel for failure to raise ineffective assistance of trial counsel, the Second District wrote:

> Brown first contends that appellate counsel was ineffective for not raising the issue of trial counsel's failure to prevent the introduction of an audio recording of a telephone call he made from jail to his mother. He claims that the recording was edited in such a way as to make it sound like he was confessing to the crime. We reviewed the audio recording in rendering our original opinion, and have reviewed it again with regard to this application. We note that while there are some inaudible portions of the recording, there is nothing to indicate that the portion of the audio presented to the jury was edited. We also note that Dayton Police Department Homicide Detective David House testified that he had reviewed the audio of the original telephone call that is kept on record with the "Pay-Tel Communications System," which records calls made by Montgomery County Jail inmates. He further testified that he used a dedicated computer in the Sheriff's Department to download the recording to a disk. He testified that, while some of the recording was difficult to hear and/or inaudible, the audio disk contained a complete, fair and accurate copy of the telephone call as recorded by the system.
>
> It appears that Brown's complaint centers on the fact that the last portion of the recording was withheld from the jury. It is not clear why this was done. However, it is clear that the court and counsel discussed the matter off the record in chambers, and that there was no objection to the redaction. Indeed, it appears that defense counsel agreed to the redaction - she later refers to the redacted portion as "inadmissible." Tr. P. 532. We have listened to that portion of the audio, and do not conclude that it was beneficial to Brown, as he claims.
>
> Based upon our review of the record, we conclude that this issue lacks merit, and that appellate counsel was not ineffective for failing to raise it on appeal.

4

(ECF No. 3, PageID 75-76.)

As to Brown's second claim of ineffective assistance of appellate counsel for failure to raise an ineffective assistance of trial counsel claim, the Second District continued

> Next Brown claims that appellate counsel should have requested a jury instruction informing the jury that an officer's identification of a suspect on a video surveillance tape as the defendant was improper, because the determination of that suspect's identity was an issue for the jury to determine. We note that Dayton Police Department Homicide Detective Kevin Phillips testified regarding a video surveillance tape that showed the suspects in this case. He testified that in reviewing the tape, he was able to form a description of one of the suspects seen in the video. During this testimony, he twice referred to the suspect in the video as the "defendant." Defense counsel objected thereto, and the trial court sustained the objection. The jury was then instructed to disregard the identification.
>
> We presume that the jury followed the instructions of the trial court. *State v. Nobles*, 106 OhioApp.3d 246, 665 N.E.2d 1137 (2d Dist. 1995). Furthermore, trial counsel objected to the reference to the suspect in the video as the defendant. The objection was sustained, and the jury was admonished. Trial counsel may well have made a strategic decision not to seek a jury instruction that would only have served to remind the jury of the reference the jury had been told to disregard. We conclude that this issue would not likely have been a basis for reversal of the judgment; therefore, appellate counsel was not ineffective for failing to raise it on appeal.

*Id.* at PageID 76-77.

Brown's third claim of ineffective assistance of appellate counsel for failure to raise an ineffective assistance of trial counsel claim relates to the sentencing decision.  The Second District wrote:

> Finally, Brown challenges appellate counsel's failure to address the trial court's sentencing decision. It appears he contends the trial court failed to make the findings of fact regarding the factors set forth in RC. 2929.14(C)(4). Alternatively, he argues that the trial court erroneously found that he had caused harm that was so great

or unusual that no single prison term adequately reflects the seriousness thereof.

RC. 2929.14 [sic] R.C. 2929.14(C)(4) requires a trial court to make certain findings before imposing consecutive sentences:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the ·seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

A trial court need not give its reasons for making the required findings. *State v. Wells*, 2d Dist. Champaign No. 2012-CA-12, 2012-0hio-5529, ¶ 16 .

A review of the sentencing transcript reveals that the trial court made all the requisite findings. We do not clearly and convincingly find that those findings are not supported by the record. RC. 2953.08(G)(2). However, we note that the trial court did not incorporate its findings into the sentencing entry. This does not constitute reversible error; it can be resolved by a nunc pro tune order amending the sentencing entry. *State v. Black*, 2d Dist.

Darke No. 2014-CA-4. 2014-Ohio-5570, ¶ 9.

*Id.* at PageID 77-78.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000).

The Second District Court of Appeals here decided on the merits Mr. Brown's claims of ineffective assistance of appellate counsel for failure to raise ineffective assistance of trial counsel claims on direct appeal and decided, under the appropriate federal standard, that appellate counsel did not provide ineffective assistance. That decision is not an objectively unreasonable application of the relevant United States Supreme Court precedent, *Strickland v. Washington*, 466 U.S. 668 (1984).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth

Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 15, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).