# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTHONY D. BROWN,

        Petitioner,            :        Case No. 3:16-cv-467

  - vs -                            District Judge Walter Herbert Rice
                                    Magistrate Judge Michael R. Merz

MARK HOOKS, WARDEN,
 Ross Correctional Institution,

                                      :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

       This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections (ECF No. 5) to the Magistrate Judge's recommendation that the case be dismissed on initial review ("Report," ECF No. 4). Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 6).

       Mr. Brown objects that "the Magistrate Judge did not have all the [state] court records to make his determination." (Objections, ECF No. 5, PageID 126). Indeed, he notes that "the transcript of the proceeding were [sic] not filed by Petitioner or the State." *Id.* Instead of relying on the opinion of the appellate court, "this Court should have allowed the petition to go through and order the State to file the Answer and transcripts pursuant to Rule 5 of the Rules Governing § 2254 Cases." *Id.* at PageID 127.

       Mr. Brown also objects that the decision on initial review "prevents [him] from rebutting the presumption of correctness by clear and convincing evidence pursuant to [28 U.S.C.] §

1

2254(e)(1)." *Id.* at PageID 127.  He asserts he has the "right to rebut the findings of fact made by the state court.  Petitioner asserts that this process is being denied by the Magistrate's finding because his clear and convincing evidence is in the trial transcripts and trial exhibits." *Id.*  From what he can discern, the Report gives no explanation other than reading the state court decision. *Id.*  He concludes that the Report does not address why his Grounds for Relief have no merit.

Petitioner pleads two grounds for relief – ineffective assistance of trial counsel in three respects (Ground One) and ineffective assistance of appellate counsel for failure to raise those claims on direct appeal (Ground Two).

This Court cannot reach the merits of Ground One because Mr. Brown procedurally defaulted in presenting those grounds to the Ohio courts.  All of his claims of ineffective assistance of trial counsel are "record" claims – claims which could have been shown from the record on direct appeal.  Those claims are that trial counsel (1) allowed an edited version of a recording of a telephone call Brown made from jail to his mother to be played to the jury instead of the whole recording; (2) failed to object when a State witness referred to Brown as a person in a surveillance video and did not request an instruction on the presumption of innocence; and (3) failed to object to the imposition of consecutive sentences.

As the Report explained, under Ohio's res judicata doctrine in criminal cases, claims of ineffective assistance of trial counsel which are capable of being presented on direct appeal and were not presented are barred from later consideration by the doctrine of procedural default (Report, ECF No. 4, PageID 90).  The Report does not explain the procedural default doctrine except for a citation to *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  A fuller explanation follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal, as Brown did here with his ineffective assistance of trial counsel claims, is subject to the cause and prejudice standard of

3

*Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985).

The Sixth Circuit Court of Appeals requires a four-part analysis of procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

As the Report notes, one of the ways to excuse a procedural default in presenting an issue on direct appeal is to show that ineffective assistance of appellate counsel was the cause of the failure. Mr. Brown attempted to do this by filing an Application for Reopening under Ohio R. App. P. 26(B), which is the proper way to raise a claim of ineffective assistance of appellate

4

counsel in Ohio. The Second District Court of Appeals considered these claims at length in an opinion Mr. Brown furnished to this Court. *State v. Brown*, Case No. 26219 (2nd Dist. Aug. 19, 2015)(unreported, copy at ECF No. 3, PageID 74-78). As to the first underlying ineffective assistance of trial counsel claim, the Court of Appeals listened to the entire recording of the telephone conversation and found the omitted portion was not helpful to Brown. *Id.* at PageID 75-76. As to the second claim, the Second District found that it would not have been a winning assignment of error. *Id.* at PageID 76-77. As to the third claim, it found again there would have been no winning assignment of error because the trial judge made the required findings to support a consecutive sentence. *Id.* at PageID 77-78.

In his Objections, Brown says he wants to rebut these state court findings with "clear and convincing evidence" which is found in the transcripts and trial exhibits. However, he gives no clue of what evidence was presented that would rebut these findings. In order to substitute its own judgment for that of the Second District, this Court would have to find that the Second District's application of *Strickland v. Washington,* 466 U.S. 668 (1984), was objectively unreasonable. Mr. Brown has given no basis in evidence or argument to suggest that would happen.

The purpose of Rule 4 of the Rules Governing § 2254 Cases is to enable federal courts to decide habeas corpus cases expeditiously. If the courts were to order production of the full state court record in every case, it would increase both the expense associated with these cases and the time required to decide them. In this case the only reason for ordering production of the full record and an answer from the State is Mr. Brown's belief that something in the record will be helpful to him, although he does not at this point specify any portion of the record that might be helpful.

**Conclusion**

Having reviewed the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 6, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).